E-filing

ORIGINAL
FILED
AUG 2 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  ANN WINTERMAN, Esq., (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:   510/832-4787
5
   Attorneys for Plaintiffs
6  NICOLE BROWN-BOOKER and
   JANA OVERBO
7

8

9              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
10

11

12  NICOLE BROWN-BOOKER        CASE NO. C07-04397 EMC
    and JANA OVERBO,           Civil Rights
13
           Plaintiffs,
14
                              COMPLAINT FOR PRELIMINARY AND
15  v.                        PERMANENT INJUNCTIVE RELIEF
                              AND DAMAGES: DENIAL OF CIVIL
16                            RIGHTS AND ACCESS TO PUBLIC
                              FACILITIES TO PHYSICALLY
17                            DISABLED PERSONS, AND PER
    APPLE, INC.; DEKA         CALIFORNIA STATUTES (INCLUDING
18  IMMOBILIEN INVESTMENT     (CIVIL CODE §§ 51, 52, 54, 54.1, 54.3,
    GMBH, LLC; and DOES 1-10, AND §55; and HEALTH & SAFETY
19  Inclusive,                CODE §§19955, *et seq.*); INJUNCTIVE
                              RELIEF PER TITLE III, AMERICANS
20         Defendants.        WITH DISABILITIES ACT OF 1990
    _____/
21                            **DEMAND FOR JURY TRIAL**

22         Plaintiffs NICOLE BROWN-BOOKER and JANA OVERBO

23  complain of Defendants APPLE, INC.; DEKA IMMOBILIEN INVESTMENT

24  GMBH, LLC; and DOES 1-10, Inclusive, and each of them, and allege as follows:

25

26      1.    **INTRODUCTION:**    This case involves the denial of accessible

27  sales establishment facilities, including denial of accessible entrance, path of

28  travel, teaching theater seating, elevator, and restroom facilities, to plaintiffs

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

3c07-cv-04397-SI    Document 1    Filed 08/24/2007    Page 2 of 17

1   NICOLE BROWN-BOOKER and JANA OVERBO and other disabled persons at

2   the Apple Store, located at One Stockton Street, San Francisco, California.

3   Plaintiffs NICOLE BROWN-BOOKER and JANA OVERBO are each a "person

4   with a disability" or "physically handicapped person." Plaintiffs require the use

5   of a motorized wheelchair for locomotion and are unable to use portions of public

6   facilities which are not accessible to disabled persons who require the use of a

7   wheelchair. On or about May 12, 2007 and July 28, 2007, plaintiffs were denied

8   their rights to full and equal access at these facilities, and were denied their civil

9   rights under both California law and federal law, as hereinbelow described,

10  because these facilities were not, and are not now, properly accessible to

11  physically disabled persons who use wheelchairs. Plaintiffs seek injunctive relief

12  to require defendants to make these facilities accessible to disabled persons and to

13  ensure that any disabled person who attempts to use the facilities will be provided

14  accessible entry, paths of travel, display counters, elevator buttons, "teaching

15  theater" seating, "genius bar" service, checkout counters, and accessible and

16  usable sanitary facilities. Plaintiffs also seek recovery of damages for their

17  discriminatory experiences, and denial of access and of their civil rights, which

18  denial is continuing as a result of defendants' failure and refusal to provide

19  disabled accessible facilities. Plaintiffs also seek recovery of reasonable attorney

20  fees, litigation expenses and costs, according to statute.

21      2.      **JURISDICTION:** This Court has jurisdiction of this action

22  pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act

23  of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and

24  related causes of action arising from the same facts are also brought under

25  California law, including but not limited to violations of California Government

26  Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959;

27  Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,

28  54.1, 54.3 and 55.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -2-        S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

3.    **VENUE:**  Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiffs' causes of action arose in this district.

4.    **INTRADISTRICT:**  This case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiffs' causes of action arose in this intradistrict.

5.    **PARTIES:** Plaintiffs Nikki Brown Booker and Jana Overbo are each qualified physically disabled persons who cannot walk and who require use of a motorized wheelchair for locomotion.  Defendants Apple, Inc., Deka Immobilien Investment GMBH LLC, and Does 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, building and/or portions thereof located at One Stockton Street, San Francisco, California.  This sales establishment, the Apple Store (hereinafter also "Store"), is a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 51, 54, *et seq.*  Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.*  Such alterations since July 1, 1982 also subjected the building to requirements of California's Title 24, the State Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

6.    The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiffs who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -3-        S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  thereby to plaintiffs; plaintiffs pray leave of Court to amend this Complaint to

2  show such true names and capacities when the same have been ascertained.

3      7.  Defendants Apple Inc., Deka Immobilien Investment GMBH LLC, and

4  Does 1-10, Inclusive, are and were the owners, operators, lessors and lessees of

5  the subject business, property and/or building at all times relevant to this

6  Complaint.  Plaintiffs are informed and believe that each of the defendants herein

7  is the agent, employee or representative of each of the other defendants, and

8  performed all acts and omissions stated herein within the scope of such agency or

9  employment or representative capacity and is responsible in some manner for the

10  acts and omissions of the other defendants in proximately causing the damages

11  complained of herein.

12

13  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF
14  FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC
    ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
    (California Health & Safety Code §§ 19955, *Et Seq.*, Civil Code §54.1)**
15

16      8.  Plaintiffs replead and incorporate by reference, as if fully set forth

17  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

18  and incorporate them herein by reference as if separately repled hereafter.

19      9.  Plaintiffs NICOLE BROWN-BOOKER and JANA OVERBO and

20  other similarly situated physically disabled persons who require the use of a

21  wheelchair are unable to use public facilities on a "full and equal" basis unless

22  each such facility is in compliance with the provisions of California Health &

23  Safety Code §§ 19955, *et seq.*  Plaintiffs are members of that portion of the public

24  whose rights are protected by the provisions of Health & Safety Code §§ 19955,

25  *et seq.*

26      10.  Health & Safety Code §§ 19955 and 19955.5 were enacted "To

27  ensure that public accommodations or facilities constructed in this state with

28  private funds adhere to the provisions of Chapter 7 (commencing with Section

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -4-          S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  4450) of Division 5 of Title 1 of the Government Code." The Government Code

2  sections enacted in 1968 required provision of access in government buildings

3  upon new construction or alteration.  In 1970 California Health & Safety Code §§

4  19955-19959 applied these standards to privately owned public accommodations.

5  On information and belief the provisions of both Health and Safety Code §§

6  19955 and 19955.5, apply to the sales establishment located at One Stockton

7  Street, San Francisco, California.  The code relating to such public

8  accommodations also requires that "When sanitary facilities are made available

9  for the public, clients, or employees ..., they shall be made available for persons

10 with disabilities."  Title 24, California Code of Regulations, formerly known as

11 the California Administrative Code, was in effect at the time of each alteration

12 which, on information and belief, occurred at such public facility since July 1,

13 1982, thus requiring access complying with the specifications of Title 24

14 whenever each such "alteration, structural repair or addition" was carried out.  On

15 information and belief, defendants and/or their predecessors in interest carried out

16 alterations, structural repairs, or additions to the building during the period Title

17 24 has been in effect.  On information and belief, alterations, structural repairs, or

18 additions which triggered access requirements also occurred between July 1, 1970

19 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards

20 Association) Regulations then in effect, pursuant to the incorporated provisions of

21 California Government Code §§ 4450*ff.*

22      11.    **FACTUAL STATEMENT:**    On or about May 12, 2007, plaintiff

23 NICOLE BROWN-BOOKER went to the Apple Store at One Stockton Street in

24 San Francisco, to buy a computer game for her nephew's birthday. She entered

25 the Store in her motorized wheelchair and went up to the second floor by way of

26 an elevator. The elevator was hard to find because it was not clearly marked. She

27 was not able to press the buttons of the elevator because they were improperly

28 located out of her reach from her wheelchair, and so an Apple employee pressed

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -5-                    S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1   the button for her. She maneuvered toward the children's games, but was unable

2   to turn around in her wheelchair in front of the shelves where they were located,

3   so she had to repeatedly maneuver away from the games, around another display

4   area, and back to look at the games. She was unable to reach the games because

5   they were located on a shelf that was more than five feet above the ground. She

6   noticed that there was a display area where children were playing some of the

7   computer games on display at the Store, and tried to see which games they were

8   playing, but the display was too low to view from her wheelchair vantage point.

9       12.  Plaintiff Brown-Booker waited for an Apple employee to assist her,

10  but twenty minutes passed and no one asked her if she needed any assistance.

11  Finally, a customer who had also been browsing the children's games offered to

12  take two games off the shelf for her. Another ten minutes passed before a second

13  customer asked her if she needed help, and took down a third game for her, which

14  she decided to purchase. When plaintiff went to the cash register to pay for the

15  game, she spoke with an Apple employee about her inability to reach the

16  computers or the computer games. He told her that there were some computers

17  located on a lower shelf, and looked for them, but was unable to identify them or

18  tell her where they were located. He told her that "maybe" they were on the first

19  floor. She began paying for her computer game and found that she was unable to

20  reach the credit card machine to sign for her purchase, so the store clerk had to

21  crawl under the counter, untangle some wires and pull the credit card machine off

22  the counter toward her.  Other customers were waiting behind her and this

23  attracted unwanted attention.  After plaintiff Brown-Booker paid, she proceeded

24  to the first floor, hoping to find an accessible computer where she could test the

25  software she was hoping to buy for her Macintosh computer, but none of the

26  display tables were accessible to her. Most of the computers on the first floor

27  were positioned on tables where a customer would have to be able to stand or sit

28  on a high stool to use them, and plaintiff was physically unable to do so due to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -6-        S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1 | her disability. She noticed some computers located on somewhat lower tables, but
2 | they were still too high for her to use, and other computers apparently intended
3 | for use by children, like those on the second floor, were too low for her view or
4 | use. Plaintiff Brown-Booker left the Store feeling frustrated, angry, and
5 | humiliated that her shopping errand had proved so difficult because many
6 | features of the Store were inaccessible to her. She was also frustrated that the
7 | Store apparently did not have a policy for employees to assist disabled persons,
8 | and that no employee offered to help her, leaving her to rely on customers in the
9 | Store to help her view the merchandise.

10 |     13.  Plaintiff Jana Overbo, also a person with a disability, who also uses a
11 | motorized wheelchair, returned to the Apple Store with plaintiff Nikki Brown-
12 | Booker on July 28, 2007. Plaintiff Jana Overbo had previously made an
13 | appointment to visit the "genius bar" at the Apple Store because she was having
14 | trouble with her keyboard and some software on her computer wasn't running
15 | properly. The "genius bar" is an area of the Store where Apple employees assist
16 | customers in identifying and fixing computer hardware or software problems.
17 | Plaintiff Jana Overbo had difficulty getting up to the second floor because there
18 | were trash and large objects blocking the path of travel to the elevator. Once she
19 | was inside the elevator, Ms. Overbo realized that she could not reach the buttons
20 | because they were improperly located for disabled use. An Apple employee was
21 | also in the elevator and so he pressed the button for her. She arrived 45 minutes
22 | early for her 3:10 appointment, and tried to let someone know she was there by
23 | going from one end of the "genius" bar to the other shouting, "Hello, I'm here for
24 | my appointment." She could see the screen on which the appointments were
25 | listed and her name came up but she didn't know how to let any one know she
26 | was there. After some time, one of the clerks noticed her and took her to the end
27 | of the bar which appeared to have been lowered for wheelchair users. However,
28 | there was a large desktop computer taking up the lowered counter space and so

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -7-        S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  she was unable to look at the computer with the technical support staff.  (Other

2  customers were able to look at their computer screens with technical support staff

3  because they could place their computers on the same counter as the staff use to

4  inspect or fix the computer.)  As a result, it was not until she got home that she

5  was able to determine that the Apple employee had not properly fixed the

6  software problem she described, even though he had said he had "fixed" it.

7      14.  Plaintiff Jana Overbo also hoped to purchase some Spanish language

8  software while she was at the Store, but she could not reach any of the software.

9  She felt like she was invisible because no Store clerk took any notice of her.

10  Finally a customer helped her to look at some of the software, and waited for her

11  to choose something.  With the customer's help, she also chose some business

12  card design software.  When it came time for her to pay for the software and the

13  keyboard cover she had chosen, one of the staff members offered to ring her up

14  for her purchases at the "genius bar."  If she had been able to reach other items in

15  the Store, Jana would have looked at and tried out the Mac Book Pro and the I-

16  phone, which were on display for customers to try, but both of these items were

17  locked down on tables at a height that made it impossible for her to reach them.

18      15.  Based on a preliminary investigation by plaintiffs' representatives after

19  the subject incident of May 12, 2007, the physical property owned and operated

20  by defendants and each of them was also constructed and maintained in an

21  inaccessible condition for use by physically disabled persons with regard to a

22  number of features which may adversely affect plaintiffs, both wheelchair users,

23  when they may attempt to return to the Store, including but not limited to the lack

24  of proper accessible seating locations at the "teaching theater" on the second

25  floor.  This educational theater is used for various workshops that are held

26  throughout the day, on every day of the week, on various topics to help customers

27  understand and use computer hardware and software that is sold in the Store.

28  This area resembles a movie theater, to the extent that images are projected onto a

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-                    S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1 | large screen and audience members sit in attached, theater-like seating, but there
2 | are no accessible seats in this theater.

3 | 16.    This public facility is inaccessible to persons with disabilities in
4 | multiple aspects, including but not limited to the following: entrance, interior
5 | paths of travel, service counters, public restroom, elevator, and teaching theater,
6 | "genius bar," check-out counters and display counter areas, all rendering these
7 | premises inaccessible to and unuseable by physically disabled persons.  All
8 | facilities must be brought into compliance with all applicable federal and state
9 | code requirements.

10 | 17.    Further, each and every violation of the Americans With Disabilities
11 | Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
12 | which are repled and incorporated herein, word for word, as if separately repled),
13 | also constitutes a separate and distinct violation of  California Civil Code §54(c),
14 | thus independently justifying an award of damages and injunctive relief pursuant
15 | to California law, including but not limited to Civil Code §§ 54.3 and 55.

16 | 18.    Further, each and every violation of the Americans With Disabilities
17 | Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
18 | which are repled and incorporated herein, word for word, as if separately repled),
19 | also constitutes a separate and distinct violation of California Civil Code
20 | §54.1(d), thus independently justifying an award of damages and injunctive relief
21 | pursuant to California law, including but not limited to Civil Code §§ 54.3 and
22 | 55.

23 | 19.    **INJUNCTIVE RELIEF:**  Plaintiffs seek injunctive relief to prohibit
24 | the acts and omissions of defendants as complained of herein which are
25 | continuing on a day-to-day basis and which have the effect of wrongfully
26 | excluding plaintiffs and other members of the public who are physically disabled
27 | wheelchair users from full and equal access to these public facilities.  Such acts
28 | and omissions are the cause of humiliation and mental and emotional suffering of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -9-          S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1    plaintiffs in that these actions continue to treat plaintiffs as inferior and second

2    class citizens and serve to discriminate against them on the sole basis that they are

3    persons with disabilities and require the use of a wheelchair for movement in

4    public places. Plaintiffs are unable, so long as such acts and omissions of

5    defendants continue, to achieve equal access to and use of these public buildings

6    and facilities, and cannot return to use these facilities until they are made properly

7    accessible to disabled persons.  Plaintiffs allege that they intend to return and

8    patronize this Store, once legally required access has been provided.  The acts of

9    defendants have proximately caused and will continue to cause irreparable injury

10   to plaintiffs if not enjoined by this Court.

11       20.    Wherefore Plaintiffs ask this Court to preliminarily and permanently

12   enjoin any continuing refusal by defendants to grant full and equal access to

13   plaintiffs in the respects complained of and to require defendants to comply

14   forthwith with the applicable statutory requirements relating to access for

15   disabled persons.  Such injunctive relief is provided by California Health &

16   Safety Code §19953 and California Civil Code §55, and other law.  Plaintiffs

17   further request that the court award attorney fees, litigation expenses, and costs

18   pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of

19   Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

20       21.    **DAMAGES:** As a result of the denial of equal access to the facility

21   and due to the acts and omissions of defendants and each of them in owning,

22   operating, leasing, constructing, altering, and maintaining the subject facility,

23   plaintiffs suffered violations of their civil rights, including but not limited to

24   rights under Civil Code §§ 54 and 54.1, all to their damages per Civil Code §54.3,

25   including damages for physical, mental and emotional injuries, statutory damages,

26   and statutory treble damages, as hereinafter stated.  Defendants' actions and

27   omissions to act constitute discrimination against plaintiffs on the sole basis that

28   they were and are physically disabled and unable, because of the architectural

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -10-        S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  barriers created and/or maintained by the defendants in violation of the subject
2  laws, to use the public facilities on a full and equal basis as other persons.
3        22.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and
4  conduct, plaintiffs have been required to incur attorney fees, litigation expenses,
5  and costs as provided by statute, in order to enforce plaintiffs' rights and to
6  enforce provisions of the law protecting access for disabled persons and
7  prohibiting discrimination against disabled persons.  Plaintiffs therefore seek
8  recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant
9  to the provisions of Civil Code §§ 54.3 and 55.  Additionally, plaintiffs' lawsuit
10  is intended to require that defendants make their facilities accessible to all
11  disabled members of the public, justifying "public interest" attorney fees,
12  litigation expenses and costs pursuant to the provisions of California Code of
13  Civil Procedure §1021.5 and other applicable law.
14        Wherefore plaintiffs prays for relief as hereinafter stated:
15
16              **SECOND CAUSE OF ACTION:**
17  **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
   **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
   **ON THE BASIS OF DISABILITY**
18
19        23.    Plaintiffs replead and incorporate by reference, as if fully set forth
20  again herein, the factual allegations contained in Paragraphs 1 through 22, above,
21  and incorporate them herein by reference as if separately repled hereafter.
22        24.    At all times herein mentioned, the Unruh Civil Rights Act, California
23  Civil Code §51(b), provided that:
24        All persons within the jurisdiction of this state are free and equal,
          and no matter what their sex, race, color, religion, ancestry, national
25        origin, disability, or medical condition are entitled to the full and
          equal accommodations, advantages, facilities, privileges, or services
26        in all business establishments of every kind whatsoever.
27  Per §51(f),
28        A violation of the right of any individual under the Americans With

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1   Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
    violation of this section.
2

3   25.    Plaintiffs suffered damages as above described as a result of

4   defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

5   regards, including but not limited to violations of the ADA, as described in the

6   Third Cause of Action, *infra*, the contents of which cause of action is

7   incorporated herein as if separately repled.  California Civil Code §52(a) provides

8   that each such violation entitles plaintiffs to "the actual damages, and any amount

9   that may be determined by a jury, or a court sitting without a jury, up to a

10  maximum of three times the amount of actual damage but in no case less than

11  four thousand dollars ($4,000), and any attorney's fees that may be determined by

12  the court in addition thereto..."

13  WHEREFORE, plaintiffs pray for damages and injunctive relief as

14  hereinafter stated.

15

16  **THIRD CAUSE OF ACTION:**
    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
17  **42 USC §12101*FF***

18  26.    Plaintiffs replead and incorporate by reference, as if fully set forth

19  again herein, the allegations contained in Paragraphs 1 through 25 of this

20  Complaint, and incorporate them herein as if separately repled.

21  27.    Pursuant to law, in 1990 the United States Congress made findings

22  per 42 USC §12101 regarding physically disabled persons, finding that laws were

23  needed to more fully protect "some 43,000,000 Americans [with] one or more

24  physical or mental disabilities;" that "historically, society has tended to isolate

25  and segregate individuals with disabilities;" that "such forms of discrimination

26  against individuals with disabilities continue to be a serious and pervasive social

27  problem;" that "the Nation's proper goals regarding individuals with disabilities

28  are to assure equality of opportunity, full participation, independent living, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  economic self-sufficiency for such individuals;" and that "the continuing

2  existence of unfair and unnecessary discrimination and prejudice denies people

3  with disabilities the opportunity to compete on an equal basis and to pursue those

4  opportunities for which our free society is justifiably famous..."

5      28.    Congress stated as its purpose in passing the Americans with

6  Disabilities Act (42 USC §12101(b))

7      It is the purpose of this Act

8      (1) to provide a clear and comprehensive national mandate for the
       elimination of discrimination against individuals with disabilities;
9
       (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing
10     discrimination against individuals with disabilities;

11     (3) to ensure that the Federal Government plays a central role in enforcing
       the standards established in this Act on behalf of individuals with
12     disabilities; and

13     (4) to invoke the sweep of congressional authority, including the power to
       enforce the fourteenth amendment and to regulate commerce, in order to
14     address the major areas of <u>discrimination faced day-to-day</u> by people with
       disabilities. (Emphasis added)
15

16     29.    As part of the Americans with Disabilities Act, Public Law 101-336,

17  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations

18  and Services Operated by Private Entities" (42 USC 12181ff).  The subject

19  property and facility is one of the "private entities" which are considered "public

20  accommodations" for purposes of this title, per §301(7)(C), which includes any

21  "motion picture house, theater, concert hall, stadium, or other place of public

22  exhibition or entertainment" and per §301(7)(E), which includes any "bakery,

23  grocery store, clothing store, hardware store, shopping center, or other sales or

24  rental establishment."

25     30.    Pursuant to §302, 42 USC §12182, "No individual shall be

26  discriminated against on the basis of disability in the full and equal enjoyment of

27  the goods, services, facilities, privileges, advantages, or accommodations of any

28  place of public accommodation by any person who owns, leases, or leases to, or

1  operates a place of public accommodation."

2    31. Among the specific prohibitions against discrimination were

3  included:

4  §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

5  practices, or procedures when such modifications are necessary to afford such

6  goods, services, facilities, privileges, advantages, or accommodations to

7  individuals with disabilities...;"

8  §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that

9  no individual with a disability is excluded, denied service, segregated, or

10  otherwise treated differently than other individuals because of the absence of

11  auxiliary aids and services...:"

12  §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

13  barriers that are structural in nature, in existing facilities... where such removal is

14  readily achievable;"

15  §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

16  under clause (iv) is not readily achievable, a failure to make such goods, services,

17  facilities, privileges, advantages, or accommodations available through

18  alternative methods if such methods are readily achievable."  The acts and

19  omissions of Defendants set forth herein were in violation of plaintiffs' rights

20  under the ADA, Public Law 101-336, and the regulations promulgated

21  thereunder, 28 CFR Part 36*ff.*

22    32. The removal of each of the barriers complained of by plaintiffs as

23  hereinabove alleged, were at all times herein mentioned "readily achievable"

24  under the standards of the Americans With Disabilities Act.  As noted

25  hereinabove, removal of each and every one of the architectural barriers

26  complained of herein were also required under California law.  Further, on

27  information and belief, alterations, structural repairs or additions since January

28  26, 1992 have also independently triggered requirements for removal of barriers

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -14- S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1  to access for disabled persons per §303 of the ADA.

2      33.    On information and belief, as of the date of plaintiffs' encounter at

3  the premises and as of the filing of this Complaint, the subject premises have

4  denied and continue to deny full and equal access to plaintiffs and to other

5  disabled persons, including wheelchair users, in other respects, which violated

6  plaintiffs' rights to full and equal access and which discriminated against

7  plaintiffs on the basis of their disabilities, thus wrongfully denying to plaintiffs

8  the full and equal enjoyment of the goods, services, facilities, privileges,

9  advantages and accommodations, in violation of §302 of the ADA, 42 USC

10  §12182.

11     34.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

12  §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of

13  the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiffs are being

14  subjected to discrimination on the basis of disability in violation of this title and

15  have reasonable grounds for believing that they are about to be subjected to

16  discrimination in violation of §302 and §303.  On information and belief,

17  defendants have continued to violate the law and deny the rights of plaintiffs and

18  other disabled persons to access to this public accommodation since on or before

19  plaintiffs' encounters as previously discussed.  Pursuant to §308(a)(2), "In cases

20  of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an

21  order to alter facilities to make such facilities readily accessible to and usable by

22  individuals with disabilities to the extent required by this title."

23     35.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the

24  Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

25  Regulations adopted to implement the Americans with Disabilities Act of 1990.

26  Plaintiffs are qualified disabled persons for purposes of §308(a) of the ADA who

27  are being subjected to discrimination on the basis of disability in violation of

28  Title III and who have reasonable grounds for believing they will be subjected to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1    such discrimination each time that they may attempt to use the property and

2    premises.

3          Wherefore plaintiffs prays for relief as hereinafter stated:

4

5                                **PRAYER**

6          Plaintiffs pray that this Court:

7          1.    Issue a preliminary and permanent injunction directing defendants as

8    current owners, operators, lessors, and/or lessees of the property and premises to

9    modify the above described property and premises  and related  facilities so that

10   each provides full and equal access to all persons, including persons with

11   physical disabilities who use a wheelchair; and issue a preliminary and permanent

12   injunction directing defendants to provide facilities usable by plaintiffs and

13   similarly situated persons with disabilities, and which provide full and equal

14   access, as required by law, including appropriate changes in policy;

15         2.    Retain jurisdiction over the defendants until such time as the Court is

16   satisfied that defendants' unlawful policies, practices, acts and omissions, and

17   maintenance of inaccessible public facilities as complained of herein no longer

18   occur, and can not recur; -

19         3.    Award to plaintiffs all appropriate damages, including but not

20   limited to statutory damages, general damages and treble damages in an amount

21   within the jurisdiction of the Court, all according to proof;

22         4.    Award to plaintiffs all reasonable statutory attorney fees, litigation

23   expenses, and costs of this proceeding as provided by law;

24         5.    For prejudgment interest pursuant to California Civil Code § 3291;

25         6.    Grant such other and further relief as this Court may deem just and

26   proper.

27   //

28   //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-          S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd

1    Dated: August 24, 2007                    PAUL L. REIN
2                                              JULIE A. OSTIL
                                               ANN WINTERMAN
3                                              LAW OFFICES OF PAUL L. REIN
4
5                                              _____
                                               Attorneys for Plaintiffs
6                                              NICOLE BROWN-BOOKER and
                                               JANA OVERBO
7
8
9
10                        **<u>DEMAND FOR JURY</u>**
11           Plaintiffs hereby demand a jury for all claims for which a jury is
12    permitted.
13
14    Dated: August 24, 2007                    PAUL L. REIN
                                                JULIE A. OSTIL
15                                              ANN WINTERMAN
                                                LAW OFFICES OF PAUL L. REIN
16
17                                              _____
18                                              Attorneys for Plaintiffs
                                                NICOLE BROWN-BOOKER and
19                                              JANA OVERBO
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-          S:\SLR\APPLE\PLEADINGS\APPLE.CMP.wpd