DAVID M. WALSH (SB# 120761)
(davidwalsh@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:   (213) 683-6000
Facsimile:   (213) 627-0705

JEFF MICHALOWSKI (SB# 248073)
(jeffmichalowski@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone:   (415) 856-7060
Facsimile:   (415) 856-7100

Attorney for Defendants
APPLE INC.
DEKA IMMOBILIEN INVESTMENT GMBH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICOLE BROWN-BOOKER, and JANA OVERBO,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.; DEKA IMMOBILIEN INVESTMENT GMBH; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No: 3:07-cv-04397-SI<br><br>**DEFENDANTS APPLE INC. AND DEKA IMMOBILIEN INVESTMENT GMBH'S ANSWER TO COMPLAINT** |

Defendants Apple Inc. and Deka Immobilien Investment GMBH ("Defendants") answer the Complaint of Nicole Brown-Booker and Jana Overbo ("Plaintiffs") and assert separate defenses as follows:

1. **INTRODUCTION:** Defendants state that Paragraph 1 identifies claims for relief and sets forth legal conclusions to which no response is required.  To the extent that a

Case No. 3:07-CV-04397-SI                                                                                              DEFENDANTS' ANSWER TO COMPLAINT

response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, deny the allegations contained therein. Defendants expressly deny that Plaintiffs were injured by Defendants in any way or that Defendants discriminated against Plaintiffs in any way.

2. **JURISDICTION:** Defendants admit that Plaintiffs have alleged federal and state law claims.

3. **VENUE:** Defendants admit that the U.S. District Court for the Northern District of California is the proper venue.

4. **INTRADISTRICT:** Defendants admit that this matter is properly assigned to the San Francisco/Oakland intradistrict.

5. **PARTIES:** Defendants state that Paragraph 5 contains legal conclusions to which no response is required. To the extent that a response is required, Apple Inc. admits that it leases the property located at One Stockton Street, San Francisco, California (the "Property") from Deka Immobilien Investment GMBH, the owner of the Property. Additionally, Apple Inc. admits that it operates a retail outlet on the Property called the Apple Store San Francisco. Apple Inc. admits that it has carried out alterations, structural repairs or additions to the Property since the inception of its lease on July 24, 1998. To the remaining allegations of Paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, deny the allegations contained therein.

6. Defendants state that Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 and, on that basis, deny the allegations contained therein.

7.  Defendants state that Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response is required, Apple Inc. admits that it leases the Property from Deka Immobilien Investment GMBH, the owner of the Property. With respect to the remaining allegations of Paragraph 7, Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, deny the allegations contained therein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (California Health & Safety Code §§ 19955, *Et. Seq.*, Civil Code § 54.1)**

8.  In response to Paragraph 8, Defendants incorporate and reallege the above responses to Paragraphs 1 through 7, as though fully set forth herein.

9.  Defendants state that Paragraph 9 contains no factual allegations against Defendants, therefore no response is required.

10.  Defendants state that Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response is required, Apple Inc. admits that it has carried out alterations, structural repairs or additions to the Property since the inception of its lease on July 24, 1998. As to the remaining allegations of Paragraph 10, Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and, on that basis, deny the allegations contained therein.

11.    **FACTUAL STATEMENT:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 and, on that basis, deny the allegations contained therein.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis, deny the allegations contained therein.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and, on that basis, deny the allegations contained therein.

14.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, deny the allegations contained therein.

15.    Defendants state that Paragraph 15 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis, deny the allegations contained therein.

16.    Defendants state that Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 16.

17.    Defendants state that Paragraph 17 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis, deny the allegations contained therein.

18. Defendants state that Paragraph 18 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 18.

19. **INJUNCTIVE RELIEF:** Defendants state that Paragraph 19 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 19.

20. Defendants state that Paragraph 20 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 20.

21. **DAMAGES:** Defendants state that Paragraph 21 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 21.

22. Defendants state that Paragraph 22 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 22.

**SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT
CALIFORNIA CIVIL CODE SECTIONS 51 & 52, ON THE BASIS OF DISABILITY**

23. In response to Paragraph 23, Defendants incorporate and reallege the above responses to Paragraphs 1 through 22, as though fully set forth herein.

24. Defendants state that Paragraph 24 contains no factual allegations against Defendants, therefore no response is required.

25. Defendants state that Paragraph 25 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 25.

**THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 USC §12101FF**

26. In response to Paragraph 26, Defendants incorporate and reallege the above responses to Paragraphs 1 through 25, as though fully set forth herein.

27. Defendants state that Paragraph 27 contains no factual allegations against Defendants, therefore no response is required.

28. Defendants state that Paragraph 28 contains no factual allegations against Defendants, therefore no response is required.

29. Defendants state that Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 and, on that basis, deny the allegations contained therein.

30. Defendants state that Paragraph 30 contains no factual allegations against Defendants, therefore no response is required.

31. Defendants state that Paragraph 31 contains no factual allegations against Defendants, therefore no response is required.

32. Defendants state that Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, Apple Inc. admits that it has carried out alterations, structural repairs or additions to the Property since the inception of its lease on July 24, 1998. With respect to the remaining allegations of Paragraph 32, Defendants deny each and every allegation contained in Paragraph 32.

33. Defendants state that Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 33.

34. Defendants state that Paragraph 34 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 34.

35. Defendants state that Paragraph 35 identifies claims for relief and sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 35.

## ANSWER TO PLAINTIFFS' PRAYER

Answering Plaintiffs' prayer, Defendants deny that Plaintiffs are entitled to any relief whatsoever, of any kind and nature, from Defendants in connection with this action.

## DEFENDANTS' SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

1.  Plaintiffs' Complaint and each purported claim for relief attempted to be stated therein fails to state facts sufficient to constitute a claim of relief against Defendants.

## SECOND SEPARATE DEFENSE

2.  Plaintiffs are not entitled to damages, to the extent that they failed to mitigate their alleged damages.

## THIRD SEPARATE DEFENSE

3.  If Defendants are judged to be liable to Plaintiffs, then any such judgment must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence and/or fault of the Plaintiffs and/or other individuals or entities causing Plaintiffs' damages.

**FOURTH SEPARATE DEFENSE**

4.   Plaintiffs' claims are barred to the extent they have failed to satisfy the jurisdictional and/or statutory prerequisites for their causes of action, and/or exhaust the appropriate administrative remedies.

**FIFTH SEPARATE DEFENSE**

5.   Plaintiffs' claims as set forth in the Complaint are barred because the accommodations and modifications sought by Plaintiffs are not required by law.

**SIXTH SEPARATE DEFENSE**

6.   Plaintiffs' claims as set forth in the Complaint are barred because Defendants are in compliance with the applicable law and the Property is readily accessible to the disabled.

**SEVENTH SEPARATE DEFENSE**

7.   Plaintiffs' Complaint seeks accommodations and modifications that would require the construction, alteration, repair, structural or otherwise, or modification that is beyond the requirements of the law and not otherwise readily achievable.

**EIGHTH SEPARATE DEFENSE**

8.   Plaintiffs' claims as set forth in the Complaint are barred in that Plaintiffs lack standing and/or capacity to bring each claim, in that, among other things, Plaintiffs did not encounter any barriers to access within the Property.

**NINTH SEPARATE DEFENSE**

9. Plaintiffs' claims as set forth in the Complaint fail as a matter of law because, to the extent that Plaintiffs were not provided with full and equal accommodations, advantages, facilities, privileges or services of Defendants' facilities, it was because Plaintiffs failed to give Defendants sufficient notice of the need and sufficient opportunity to meet that need.

**TENTH SEPARATE DEFENSE**

10. Plaintiffs' claims as set forth in their Complaint are barred by the applicable statute of limitations.

**ELEVENTH SEPARATE DEFENSE**

11. To the extent it had a duty to do so at any relevant time, Defendants made every good faith effort to evaluate and configure the readily achievable modifications to the Property to permit access to individuals qualified under the Americans with Disabilities Act ("ADA") and other laws which protect persons with disabilities.

**TWELFTH SEPARATE DEFENSE**

12. To the extent any violation of the ADA or any other statute occurred, it was the responsibility of a third party and not Defendants.

**THIRTEENTH SEPARATE DEFENSE**

13. Defendants' conduct was privileged and justified in that the plans, specifications and/or improvements for the facility were approved by the government officials

authorized to do so and to enforce compliance with the ADA and all other statutes and regulations.

### FOURTEENTH SEPARATE DEFENSE

14. To the extent that Plaintiffs allege non-compliance with the ADA, Plaintiffs' claim fails because construction of the premises is within industry standard requirements.

### FIFTEENTH SEPARATE DEFENSE

15. Plaintiffs' claims are barred because pursuing the modifications demanded by Plaintiffs would fundamentally alter the benefits offered to the public or result in an undue burden.

### ADDITIONAL RESPONSES

16. Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

17. To the extent Defendants have not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendants deny all further and remaining allegations of the Complaint and no response contained herein is intended to constitute a waiver of such denial.

18. Defendants deny that Plaintiffs have been injured in any way by their conduct and that Plaintiffs are entitled to any of the relief alleged in their prayer or elsewhere in the Complaint.

WHEREFORE, Apple Inc. and Deka Immobilien Investment GMBH pray:

(1) That the Complaint be dismissed with costs.

(2) That Apple Inc. and Deka Immobilien Investment GMBH recover reasonable attorney fees from Plaintiffs.

(3) That Apple Inc. and Deka Immobilien Investment GMBH have such other and further relief as the Court may seem just.

Respectfully submitted,

Dated: October 26, 2007        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/_____
David M. Walsh

Attorneys for Defendants
APPLE INC.
DEKA IMMOBILIEN INVESTMENT GMBH

LEGAL_US_W # 57366603.1

--12--
Case No. 3:07-CV-04397-SI                                        DEFENDANTS' ANSWER TO COMPLAINT