PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS (SBN # 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

JULIE OSTIL, Esq. (SBN 215202)
LAW OFFICE OF JULIE A. OSTIL
1989 Santa Rita Rd., #A-405
Pleasanton, CA 94566
(925) 265-8257

Attorneys for Plaintiffs
NICOLE BROWN-BOOKER and
JANA OVERBO

DAVID M. WALSH (SB# 120761)
(davidwalsh@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICOLE BROWN-BOOKER, and JANA OVERBO,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.; DEKA IMMOBILIEN INVESTMENT GMBH; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No: 3:07-cv-04397-SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   November 14, 2008<br>Time:   2:30 p.m.<br>Ctrm:   10, 19th Floor<br><br>The Hon. Susan Illston |

Pursuant to the Court's August 27, 2008 Order, Plaintiffs Nicole Brown-Booker and Jana Overbo ("Plaintiffs") and Defendants Apple Inc. and Deka Immobilien Investment GMBH ("Defendants") (collectively, the "Parties") submit the following joint case management conference statement in advance of the case management conference to be held on November 14, 2008 at 2:30 p.m.

## I. SUMMARY STATEMENT

**Plaintiffs' Position:** This case involves the denial of accessible sales establishment facilities, including denial of accessible entrance, path of travel, teaching theater seating, elevator, and restroom facilities, to plaintiffs NICOLE BROWN-BOOKER and JANA OVERBO and other disabled persons at the Apple Store, located at One Stockton Street, San Francisco, California. Plaintiffs NICOLE BROWN-BOOKER and JANA OVERBO are each a "person with a disability" or "physically handicapped person." Plaintiffs require the use of a motorized wheelchair for locomotion and are unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. On May 12, 2007 and July 28, 2007, plaintiffs were denied their rights to full and equal access at these facilities, and were denied their civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons who use wheelchairs. Plaintiffs seek injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry, paths of travel, display counters, elevator buttons, "teaching theater" seating, "genius bar" service, checkout counters, and accessible and usable sanitary facilities. Plaintiffs also seek recovery of damages for their discriminatory experiences, and denial of access and of their civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiffs also seek recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

Because *five months* of mediation discussions have now passed, with *no settlement of any issue in this case*, plaintiffs request that this court open discovery immediately so that begin the discovery and litigation necessary to prove their case and enforce their civil rights, as plaintiffs continue to be discriminated against on a daily basis by defendants' continuing refusal to correct the violations of the ADA and of California Law at their San Francisco store.

**Defendants' Position:** Defendants dispute each and every one of Plaintiffs' allegations and deny any and all liability. This Americans with Disabilities Act ("ADA") case has proceeded on schedule pursuant to, and in accordance with, the requirements of General Order 56. The Parties have been engaged in on-going settlement discussions since June 10, 2008. Defendants have produced voluminous documents (without objection) to the Plaintiffs. The Plaintiffs have conducted two site visits at the facility that is the subject of this action.

## II. JURISDICTION AND VENUE

**Plaintiffs' Position:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55. Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiffs' causes of action arose in this district.

**Defendants' Position:** Defendants agree that this Court has jurisdiction over and is the appropriate venue for this matter.

## III. FACTS AND PROCEDURAL BACKGROUND

**Plaintiffs' Position:** On May 12, 2007, her nephew's birthday, plaintiff NICOLE BROWN-BOOKER went to the Apple Store at One Stockton Street in San Francisco. She entered the Store in her motorized wheelchair and attempted to access the second floor by way of an elevator. The elevator was hard to find because it was not clearly marked. She was not able to independently press the buttons of the elevator because they were improperly located out of her reach from her wheelchair, and required assistance from an Apple employee. On the second floor, she maneuvered toward the children's games, but was unable to turn her wheelchair in front of the shelves where they were located, so she had to repeatedly maneuver away from the games, around another display area, and back to look at the games. She was unable to reach the games, which were located on a shelf more than five feet above the ground. She noticed a display area where children were playing some computer games on display, but the display was too low to view from her wheelchair vantage point.

Plaintiff BROWN-BOOKER waited for an Apple employee to assist her, but twenty minutes passed and no one offered her assistance. Finally, another customer offered to take two games off the shelf for her. Another ten minutes passed before a second <u>customer</u> offered assistance, and took down a third game for her, which she decided to purchase. When plaintiff went to the cash register to pay for the game, she spoke with an Apple employee about her inability to reach the computers and games. He looked in vain for computers located on a accessible shelf, but was unable to locate or identify them, and told Plaintiff that "maybe" they were on the first floor. Plaintiff then found that she was unable to reach the credit card machine to sign for her purchase, so the store clerk had to crawl under the counter, untangle some wires and pull the credit card machine off the counter toward her, attracting unwanted attention from other customers. Plaintiff BROWN-BOOKER next proceeded to the first floor, hoping to find an accessible computer to test software she was hoping to buy for her Macintosh computer, but none of the display tables were accessible. Most of the computers on the first floor were positioned on tables where a customer would have to be able to stand or sit on a high stool to use them, and

plaintiff was physically unable to do so. Some other computers were located on "lower" tables, but still too high for her to use. Still other computers, apparently intended for use by children, were too low for her use. Plaintiff Brown-Booker left the Store feeling frustrated, angry, and humiliated that her shopping errand had proved so difficult because so many features of the Store were inaccessible. She was also frustrated that the Store apparently had no policy for employees to assist disabled persons: no employee had offered to help her, leaving her no option but to rely on other customers to help her view merchandise.

Plaintiff JANA OVERBO, also a disabled motorized wheelchair user, returned to the Apple Store with plaintiff Nikki Brown-Booker on July 28, 2007. Ms. Overbo had previously made an appointment to visit the "genius bar" at the Apple Store because she was having trouble running certain software on her computer. The "genius bar" is an area where Apple employees assist customers in identifying and fixing computer problems. Ms. Overbo had difficulty getting up to the second floor because trash and other objects blocked the path of travel to the elevator. Once inside the elevator, Ms. Overbo realized that she could not reach the control buttons and required assistance from an Apple employee. She arrived 45 minutes early for her 3:10 appointment, and tried to let someone know she was there by going from one end of the "genius" bar to the other shouting, "Hello, I'm here for my appointment." She could see her name on the screen showing appointments listed, but had no way of letting employees know she was there. One of the clerks finally noticed her and took her to a lowered end of the bar. However, a large desktop computer took up the lowered counter space and so she was unable to look at her computer with the technical support staff. (Other customers were able to look at their computer screens with technical support staff because they could place their computers on the same counter as the staff use to inspect or fix the computer.) As a result, she did not learn until reaching home that the Apple employee had not properly fixed the software problem she described, even though he had said he had fixed it.

Plaintiff JANA OVERBO also hoped to purchase some Spanish language software, but she could not reach any of the software. She felt "invisible" because no Store clerk took any notice of her. Finally another customer helped her to look at some of the software.

With the customer's help, she chose some business card design software. When it came time for her to pay for the software and the keyboard cover she had chosen, one of the staff members offered to ring her purchases up at the "genius bar." If Ms. Overbo had been able to reach other items in the Store, she would have tried out the Mac Book Pro and the I-phone, which were on display for customers to try, but both were locked down on tables at a height that made it impossible for her to reach them.

Based on subsequent investigation by plaintiffs' representatives defendant's store and merchandise were also constructed and maintained in an inaccessible condition for use by physically disabled persons with regard to a number of features which may adversely affect these disabled plaintiffs, when they return to the Store, including but not limited to the lack of proper accessible seating locations at the "teaching theater" on the second floor. This educational theater is used for various workshops, held throughout the day, every day, to help customers understand and use computer hardware and software sold in the Store. This area resembles a movie theater: images are projected onto a large screen and audience members sit in attached seating, but there are no accessible seats in this theater. Plaintiffs' expert's formal inspection also found numerous barriers to access, including barriers at the entry door, restrooms, paths of travel throughout the store, stairs, counters, and other facilities.

Despite plaintiffs' sharing with defendants of all of the information gathered by their expert on a "privileged for settlement" basis, and despite five months of intensive settlement discussion, the parties have not been able to settle a single issue in this case. The parties are at a standstill and discovery and litigation are necessary to resolve this matter.

**Defendants' Position:** Defendants dispute each and every one of Plaintiffs' allegations, and further assert that Apple Inc.'s retail store, located at One Stockton Street in San Francisco (the "Apple Store") fully complies with Title 24 of the California Code of Regulations and Title III of the ADA. Defendants object to Plaintiffs' position (set forth above) to the extent that it is argumentative and includes facts that are not germane to or appropriately included in this statement.

## IV. LEGAL ISSUES

-6-

Case No. 3:07-CV-04397-SI

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**Plaintiffs' Position:**

1) What access changes and reasonable modifications in policy are required under the Americans with Disabilities Act of 1990 and the corresponding ADAAG regulations?

2) What access changes and monetary damages are required for violations of Civil Code §54.1?

3) What damages are required under California law for access violations under ADA standards, incorporated into Civil Code §§ 54(c) and 54.1(d)?

4) Do Building Departments enforce the ADA, or is it enforced only by the U.S. Department of Justice and private lawsuits?

5) What barrier removal and monetary damages are required for violations of Sections 54.3 of the Civil Code?

6) Are treble damages appropriate because of defendant's intentional violation of rights of disabled persons?

**Defendants' Position:** In response to the legal issues raised by Plaintiffs, Defendants assert that the Apple Store fully complies with the accessibility requirements imposed under state and federal law. As such, Defendants contend that Plaintiffs have not stated and cannot state a cognizable claim under California law or Title III of the ADA.

## V. MOTIONS

**Plaintiffs' Position:** Plaintiffs' motion for relief from General Order 56 was denied by this Court. Plaintiffs herein renew their request for the strictures of General Order 56 to be lifted so that plaintiffs can begin discovery and motion work. Plaintiffs anticipate bringing a motion for partial summary judgment as to liability, and may need motions to enforce discovery requests and motions in limine in advance of trial. Other motions may also be necessary.

**Defendants' Position:** There are no pending motions before the Court. Should the parties not reach a settlement, Defendants will seek summary judgment on Plaintiffs' Complaint,

asserting that the Apple Store fully complies with all applicable state and federal accessibility requirements.

## VI. AMENDMENTS OF PLEADINGS

**Plaintiffs' Position:** At this time plaintiffs do not anticipate amending their Complaint but reserve the right to do so should additional information come to light requiring such amendment.

**Defendants' Position:** Defendants do not anticipate amending their pleadings, but reserve the right to do so.

## VII. EVIDENCE PRESERVATION

**Plaintiffs' Position:** Defendants have already failed to preserve evidence by making changes to the store without first warning plaintiffs and giving them an opportunity to document the original condition of the store. Defendants have provided only some of the documents required by General Order 56 and so plaintiffs have no way of evaluating whether defendants have properly preserved evidence. Extensive formal discovery will be necessary to ascertain the extent to which defendants have spoliated evidence. Plaintiff has preserved all relevant evidence.

**Defendants' Position:** Defendants dispute Plaintiffs' allegations, and confirm that they have taken all required steps to preserve evidence relevant to issues reasonably evident in this action.

## VIII. DISCLOSURES

**Plaintiffs' Position:** Although plaintiffs have made all required disclosures, defendants have failed to provide the construction plans and permit history required under General Order 56. The documents provided have been incomplete. Formal discovery will be necessary obtain relevant documentation and other evidence withheld by defendants.

**Defendants' Position:** Defendants dispute Plaintiffs' allegations and confirm that they have made all required Rule 26 initial disclosures. Defendants note that Plaintiffs have not, prior to this statement, complained about or objected to Defendants' disclosures.

## IX. DISCOVERY

**Plaintiffs' Position:** Plaintiffs, contrary to defendants' expressed position, *do not agree to any limitations on discovery*. Such limitations would severely abridge plaintiffs' rights to gather the evidence within the sole possession and control of defendants which is necessary to prove their claims. Plaintiffs ask that this court direct the parties to comply with the Federal Rules in regards to discovery limitations. Plaintiffs further request a trial date in February of 2010, with discovery, expert disclosure, and law and motion deadlines set according to the court's preference based on this trial date. Plaintiffs request that discovery commence immediately so that they can begin to gather the evidence to which they are legally entitled in order to vindicate their civil rights and prove their claims. Defendants' proposed limitations are unreasonable.

**Defendant's Position:** Pursuant to General Order 56, discovery in this action is stayed pending the outcome of mediation. In the event that the Parties do not reach a settlement, Defendants propose the following limits on discovery.

### A. Limitations on Discovery

(1) <u>Document Requests</u>: Defendants propose a limit of 20 document requests per party.

(2) <u>Interrogatories</u>: Defendants propose a limit of 20 interrogatories per party.

(3) <u>Requests for Admissions</u>: Defendants propose a limit of 10 requests for admissions per party.

(4) <u>Depositions</u>: Defendants propose a limit of three depositions per party, not including experts.

### B. Discovery Schedule

Defendants propose the following discovery schedule:

(1) Discovery shall open immediately and shall close on July 31, 2009.

(2) Expert disclosure (simultaneous): March 16, 2009.

(3) Rebuttal expert disclosure (simultaneous): April 30, 2009.

-9-

Case No. 3:07-CV-04397-SI

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1           (4) Law and Motion Deadline (i.e. last day for motions to be heard): October 2,
2  2009.
3  **X.     RELIEF**
4           **Plaintiffs Position:** Plaintiffs seek injunctive relief to ensure that the Apple Store
5  in San Francisco is accessible to and usable by to all disabled persons, on a full and equal basis.
6  This would include both physical changes as well as policy changes as to how disabled customers
7  served by staff. Further, plaintiffs seek significant damages for their humiliating discriminatory
8  experiences as well as the ongoing deterrence from visiting the Apple Store in San Francisco.
9  Finally, plaintiffs seek statutory attorney fees, litigation expenses and costs which have been
10 necessitated by ongoing defendants' failure and refusal to provide full and equal access to
11 plaintiffs.
12          **Defendants' Position:** Defendants deny that Plaintiffs are entitled to injunctive
13 relief, statutory damages, and/or attorneys' fees and costs.

15 **XI.    MEDIATION**
16          **Plaintiffs' Position:** The parties have undertaken five months of settlement
17 discussions under the guidance of mediator Catherine Yanni, including two full-day in-person
18 mediation sessions and many telephone calls and written communications. Despite the best
19 efforts of Ms. Yanni, the parties have been unable to reach any settlement. While plaintiffs are
20 willing to continue discussing settlement, they are no longer willing to wait to prosecute their
21 claims against defendants while defendants stall and offer no real relief. Plaintiffs wish to begin
22 the litigation process so that they can prove their claims, and perhaps motivate defendants to be
23 more realistic about settlement.
24          **Defendant's Position:** Pursuant to General Order 56, the Parties have engaged in
25 mediation before Catherine A. Yanni, Esq. This mediation process is still on-going.
26 **XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**Plaintiffs' Position:** Plaintiff has previously consented to the assignment of this case to a United States Magistrate for all purposes, including trial.

**Defendant's Position:** Defendants do not consent to the assignment of this case to a U.S. Magistrate Judge for trial.

## XIII. OTHER REFERENCES

**Plaintiffs' Position:** None.

**Defendants' Position:** Defendants submit that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

**Plaintiff's Position:** None at this time. The parties have reached no agreements and thus all issues remain open and must be proved through discovery and/or litigation. Plaintiff expects to significantly narrow the issues through discovery (e.g. Requests for Admission) and motion work (e.g. summary judgment).

**Defendants' Position:** Defendants submit that the issues in this matter may be narrowed by agreement once mediation is completed.

## XV. EXPEDITED SCHEDULE

Due to the legal complexities in this matter, Defendants submit that this case is not suitable to be handled on an expedited basis.

## XVI. TRIAL

**Plaintiffs' Position:** Plaintiff at this time anticipates a trial of 7 to 10 days, without the benefit of discovery and motion work.

**Defendants' Position:** Defendants anticipate that this case will require approximately one week of trial.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties certify that, other than the named Parties, there is no other interest to report. The Parties do not presently intend to join any other parties.

| | |
|---|---|
| Dated: November 10, 2008 | Respectfully submitted,<br><br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>By:     /s/<br>           David M. Walsh<br><br>Attorneys for Defendant<br>APPLE INC. |
| Dated: November 10, 2008 | LAW OFFICES OF PAUL L. REIN<br><br>LAW OFFICES OF JULIE A. OSTIL<br><br>By:     /s/ Paul L. Rein (concurring)<br><br>Attorneys for Plaintiffs<br>NICOLE BROWN-BOOKER, and JANA OVERBO |

| | |
|---|---|
| Dated: November 10, 2008 | Respectfully submitted,<br><br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>By: _____<br>David M. Walsh<br><br>Attorneys for Defendant<br>APPLE INC. |
| Dated: November 10, 2008 | LAW OFFICES OF PAUL L. REIN<br>LAW OFFICES OF JULIE A. OSTIL<br><br>By: *[signature]*<br><br>Attorneys for Plaintiffs<br>NICOLE BROWN-BOOKER, and JANA OVERBO |